UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

FRED SMITH,

    Plaintiff,

v.    Case No. 1:24-cv-00248

GEORGE DROSIS
and GEORGE HEITMANIS,

    Defendants.

## COMPLAINT FOR WRIT OF REPLEVIN AND REQUEST FOR TEMPORARY RESTRAINING ORDER

**PLAINTIFF**, Fred Smith, a resident of Big Piney, Wyoming, brings this action against Defendants George Drosis, a resident of Troy, Michigan, and George Heitmanis, a resident of St. Clair Shores, Michigan. This case involves a claim of replevin to recover and deliver specific property wrongfully detained by the Defendants. The Plaintiff seeks immediate relief via Temporary Restraining Order (hereinafter "TRO") to prevent irreparable harm before the property can be recovered.

### PARTIES

1. The Plaintiff is Fred Smith, resident of Big Piney, Wyoming.

2. The Defendants are: George Drosis, resident of Troy, Michigan.

3. And, George Heitmanis, resident of St. Clair Shores, Michigan.

### JURISDICTION

4. This Court has jurisdiction under 28 U.S.C. § 1332 as the parties are citizens of different states, and the amount in controversy exceeds $75,000.

### FACTUAL BACKGROUND

5. Plaintiff is the rightful owner of assets including: a 1931 Ford Coupe Charity Show Car, a 2003 Jaguar X-Type and a 2005 Jaguar S-Type, a 2010 Triumph Rocket 3 Roadster, a 2011

Triumph Rocket 3 Cruiser, and belongings and personal effects stored at Compass Storage in Shelby Township, MI. These items are not only financially valuable but also hold significant sentimental and charitable importance to the Plaintiff.

6. The 1931 Ford Coupe is central to the Plaintiff's charitable activities. A Michigan Certificate of Title noting Fred W. Smith as owner is attached hereto as Exhibit "A". It has been used extensively in charity events, serving as a symbol of the Plaintiff's commitment to philanthropy. In the loan statement (attached as Exhibit "B"), USAA cited this vehicle as collateral for the purchase loan issued on December 19, 2013 to Plaintiff's mother. However, the Plaintiff paid for this vehicle with his own personal funds. Historically, the car has supported the Shriners Car Show for the Children's Hospital, Boy Scout-sponsored car shows, and numerous USMA-sponsored charity fundraisers.

7. On October 15, 2024, Defendant George Drosis filed a "Petition for Title Transfer" for the 1931 Ford Coupe (attached as Exhibit "C"). Lists of the numerous probate abuses, including the cruel and arbitrary false imprisonment of Plaintiff can also be found therein on pgs. 6 & 8. This most recent action was undertaken without any bona fide legal basis and directly infringes upon the Plaintiff's ownership rights. Defendant Drosis, with the support and assistance of Defendant Heitmanis, have fraudulently manipulated probate proceedings to unlawfully target and transfer Plaintiff's property. A hearing on the petition is scheduled for December 10th, 2024 in the Macomb County, Michigan Probate Court (see Exhibit "D" attached).

8. The Plaintiff believes that a number of these vehicles have been transported to 69991 Wildflower Lane, Bruce Township, MI 48065. This relocation appears to be part of a scheme to wrongfully detain and potentially dispose of these assets. The Defendants' actions pose an

immediate threat, as they may attempt to sell, discard, or irreversibly alter the status of the Plaintiff's valuable properties.

9. Additionally, Plaintiff's belongings, heirlooms, and effects stored at the Compass Storage Facility located at 50387 Van Dyke Avenue, Shelby Township, Michigan, valued approximately $500,000, are at risk. In a letter sent to Compass District Manager E. Lundgren and dated September 25, 2019 (attached as Exhibit "E") the Plaintiff highlighted concerns regarding the units he leased at Compass Storage. Unit 1217 contained family albums, genealogy records, and his son's college graduation portraits, along with their firearms stored since 2017. Other leased units include Unit 5002, which once housed the 1931 Ford Coupe and Triumph motorcycles, and Units 5028, 5029, 5032, 5035, and 5036, which stored additional personal property. If not immediately restrained, these actions could lead to the irreparable loss of the Plaintiff's personal property, heirlooms, and charitable assets if not already improperly transferred.

10. Unlawful and predatory probate practices have caused Plaintiff extreme and extraordinary stress, resulting in two cardiac strokes. Plaintiff's doctors have advised avoidance of further probate-related stress. Plaintiff is a decorated military veteran who served in the Navy during the Vietnam War, he is deaf in both ears and legally blind in his right eye.

## COUNT I: REPLEVIN

11. Plaintiff Fred W. Smith seeks recovery of property wrongfully detained by Defendants George Drosis and George Heitmanis, under Wyoming Statutes § 1-15-101 et seq., for replevin actions. Pursuant to Fed.R.Civ.P. 64, Plaintiff requests the Court's assistance to apply Wyoming's replevin remedy in this federal proceeding, ensuring the return of his assets, within the framework of diversity jurisdiction.

12. The specific property sought includes (additional evidence of rightful ownership included as available):

    a. '31 Ford Coupe Charity Show Car (See Exhibit "F")

    b. '03 Jaguar X-Type & '05 S-Type (See Exhibit "G")

    c. '10 Triumph Rocket 3 Roadster & '11 Rocket 3 Cruiser (See Exhibit "H")

    d. Additional personal assets, heirlooms, and effects stored at the Compass Storage Facility in Shelby Township, MI, valued collectively at approximately $500,000.

13. The Plaintiff is the lawful owner of the aforementioned property, with clear documentation and historical possession demonstrating his ownership and right to possess these assets. These items hold significant monetary, sentimental, and charitable value to the Plaintiff. Specifically, the 1931 Ford Coupe has been central to Plaintiff's charitable activities for many years, serving as a symbol of his philanthropic commitment.

14. The Defendants, without any legitimate legal basis, have wrongfully detained the Plaintiff's property by engaging in fraudulent probate proceedings and unauthorized relocations. Specifically, Defendant George Drosis filed a petition to transfer the title of the 1931 Ford Coupe without Plaintiff's consent, and both Defendants have allegedly manipulated processes to unlawfully target and seize Plaintiff's assets. These actions constitute a clear violation of Plaintiff's possessory rights.

15. Under Wyoming Statutes § 1-15-103, replevin is appropriate where a plaintiff establishes a right to possession and the wrongful detention of the property by the defendant. The Plaintiff meets these criteria as the Defendants have no legitimate claim to the property, and their actions constitute an unlawful interference with Plaintiff's possessory rights. The Plaintiff has made formal demands for the return of his property, which Defendants have ignored or refused, further evidencing their wrongful detention and intent to deprive Plaintiff of his rightful possessions.

16.  The wrongful detention of these unique and irreplaceable items causes the Plaintiff irreparable harm, as monetary damages cannot adequately compensate for the loss. The 1931 Ford Coupe, in particular, is integral to Plaintiff's charitable endeavors, and its imminent loss would significantly impact his philanthropic efforts and beneficiaries of these charitable events.

17.  Plaintiff requests a writ of replevin to recover specific property allegedly wrongfully detained by George Drosis and George Heitmanis. He seeks the Court's intervention to reclaim a 1931 Ford Coupe Charity Show Car, two Jaguars, two Triumph motorcycles, and personal assets and heirlooms stored in Michigan, valued at approximately $500,000. Plaintiff asserts rightful ownership, claiming the Defendants unlawfully detained these items through fraudulent proceedings. The writ ought to compel the return of these properties, which are of significant monetary, sentimental, and charitable value, to prevent irreparable harm.

## COUNT II: REQUEST FOR TEMPORARY RESTRAINING ORDER

18.  Plaintiff respectfully submits that he meets the requirements for a TRO under Fed.R.Civ.P. 65, based on the following:

   a. The evidence shows a strong basis for Plaintiff's claims of fraud and improper actions by Defendants.

   b. The imminent loss of unique assets, including the 1931 Ford Coupe, which cannot be readily replaced or valued solely by monetary means, constitutes irreparable harm.

   c. The harm Plaintiff would suffer outweighs any inconvenience to Defendants, who are unlikely to sustain legitimate harm from this TRO.

   d. The issuance of the TRO serves the public interest by actively preventing fraudulent activities and upholding the integrity of judicial processes.

19.     The Plaintiff urgently needs a TRO to prevent imminent, irreparable harm. The Defendants are attempting to transfer the title of the 1931 Ford Coupe without consent and continue actively manipulating probate proceedings, risking the loss of assets that are irreplaceable and vital to the Plaintiff's charitable work.

20.     There is a high likelihood of the Plaintiff's success on the merits of his recovery and delivery claim. The Plaintiff has clear documentation and historical possession records supporting his ownership, while the Defendants lack a legitimate claim and have engaged in fraudulent actions.

21.     The balance of equities favors the Plaintiff, as the TRO would prevent unlawful deprivation of assets with minimal impact on the Defendants, maintaining the status quo and protecting the Plaintiff's property.

22.     Issuance of the TRO serves the public interest by thwarting unlawful possession and potential fraudulent activities, safeguarding the integrity of the judicial process, and upholding legitimate ownership rights.

23.     The TRO ought to specifically prohibit the Defendants from transferring, selling, or destroying the Plaintiff's property, including: the 1931 Ford Coupe, and any assets stored at the house at 69991 Wildflower Lane, Bruce Township, MI 48065; and any and all heirloom, effects, and other personal property at stored the Compass Storage Facility in Shelby Township, MI. This is essential to protect the Plaintiff's property from unlawful actions and to preserve its significant personal and charitable value.

## RELIEF REQUESTED

24.     Plaintiff respectfully requests that this Court:

    a.  Issue a TRO with immediate effect restraining Defendants from:

    i. Attempting to transfer, interfere with, or take any action affecting Plaintiff's ownership of the 1931 Ford Coupe Charity Show Car.

    ii. Engaging in any action to transfer or retain possession of Plaintiff's property stored at the house at 69991 Wildflower Lane, Bruce Township, MI 48065 and/or at the Compass Storage Facility in Shelby Township, MI.

b. The Plaintiff requests a waiver of bond for the TRO, as potential harm to Defendants is minimal compared to the imminent harm to Plaintiff. This TRO is crucial to protect Plaintiff's irreplaceable assets from unlawful transfer or destruction, given their significant personal and charitable value.

c. Set a Hearing Date for a preliminary injunction to further examine these issues and thereupon issue the Writ of Replevin to compel Defendants to return the specified property to Plaintiff without further delay.

d. Grant Additional Relief as the Court deems Just and Proper to secure Plaintiff's property and prevent further violations of his rights.

## CERTIFICATION

Pursuant to Fed.R.Civ.P. 11, I certify that this request is made in good faith, is supported by law and evidence, and is submitted to prevent immediate harm to the Plaintiff.

DATED THIS December 5th, 2024

/s/ *Matthew Daniel Elias*

_____
Matthew Daniel Elias, Esq. (WSB 7-67094)
Attorney for Plaintiff
XBT LLC
1621 Central Ave.,
Cheyenne, WY 82001
Phone: 307-800-1001
Email: MDE@XBT.LLC